BRYAN SCHRODER
United States Attorney

WILLIAM A. TAYLOR
JAMES KLUGMAN
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: william.taylor@usdoj.gov
Email: james.klugman@usdoj.gov

CHAD W. MCHENRY
Trial Attorney
Organized Crime & Gang Section
U.S. Department of Justice
Email: chad.w.mchenry@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:19-cr-00026-TMB-DMS |
| | ) |
| FILTHY FUHRER a/k/a "FUCK FACE" | ) |
|    f/k/a TIMOTHY LOBDELL, | ) |
| ROY NAUGHTON a/k/a "THUMPER", | ) |
| GLEN BALDWIN a/k/a "GLEN DOG", | ) |
| COLTER O'DELL, | ) |
| CRAIG KING a/k/a "OAKIE", and | ) |
| BEAU COOK, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# BRIEFING IN SUPPORT OF PROPOSED DISCOVERY PLAN AND PRETRIAL MOTION SCHEDULE

The United States attaches its proposed order setting the various dates and deadlines that the court had requested. Based on discussions with opposing counsel, the parties are largely in agreement with these dates. The areas of disagreement are underlined in the proposed order (¶¶ 4, 13, 14, 16, and 17). The United States also added in ¶ 15 as the due date for reciprocal discovery from the defendants under Fed. R. Crim. P. 16 (b)(1)(A) and (B).

Defendant Glen Baldwin has proposed a different set of deadlines rather than those in the proposed order. Baldwin has also suggested that he may seek a continuance of the current trial date. The government believes he will submit his positions to the court separately.

The defendants have suggested that paragraph (4) of the proposed order – the paragraph directing disclosure of "exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963)" – include a date by which these disclosures must occur. The defense also objects to the proposal to defer disclosure of material covered by the Jencks Act, 18 U.S.C. § 3500, and by *Giglio v. United States*, 405 U.S. 150 (1972) until shortly before trial.

The United States is not aware of *any* evidence it would characterize as "exculpatory" for *Brady* purposes – that is, evidence that is "favorable to an accused [and] … material either to guilt or to punishment." *Brady*, 373 U.S. at 87. However, the United States also recognizes that it is not privy to the precise nature of the theory of defense each

U.S. v. Fuhrer et al.
3:19-cr-00026
Page 2 of 7
Case 3:19-cr-00026-TMB   Document 186   Filed 07/03/19   Page 2 of 7

defendant may wish to adopt, or how any particular piece of evidence might fit into such a theory. Accordingly, the United States intends to provide the defense with all relevant evidence in its possession. The United States further intends to disclose this evidence to the defendants as soon as practicable after it is received by the U.S. Attorney's Office, and has been following this practice since the initiation of this case.

There are two exceptions to this course of disclosure: statements of witnesses the government intends to call at trial, and information that would reveal the identities of witnesses cooperating with the investigation.

As far as witness statements are concerned, the law on timing is clear: "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500. The Ninth Circuit has made it clear that *Brady* and its progeny do not alter this timing: that when evidence "qualifies as both Jencks Act and *Brady* material, the Jencks Act standards control." *United States v. Jones*, 612 F.2d 453, 455 (9th Cir. 1979). A pretrial order requiring this disclosure in a way that is "inconsistent with the express provision of the Jencks Act" is "therefore unenforceable." *United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986). This is true even if the order requires production to the court for in camera review rather than direct disclosure to the defense. *United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004) ("The [Jencks] Act does not authorize the district court to troll for evidence favorable to the defendant.") This court has

U.S. v. Fuhrer et al.
3:19-cr-00026
Page 3 of 7
Case 3:19-cr-00026-TMB   Document 186   Filed 07/03/19   Page 3 of 7

previously recognized these very limitations on a trial judge's authority to regulate discovery. *United States v. Taylor*, Case No. 3:13-cr-00079-RRB-DMS, 2014 WL 12784775 at *1 (D. Alaska 2014).

As this court noted in *Taylor*, criminal defendants are entitled to a reasonable amount of time to review Jencks material in order to effectively utilize it in their case. The United States has no interest in insisting on delaying disclosure to the maximum extent possible for the sake of truculence. On the contrary, the United States has already voluntarily disclosed some Jencks material, and intends to continue to disclose more as it is appropriate to do so. The United States is further willing to commit to voluntarily disclose all material before trial even begins. (In the event that reasons justify further non-disclosure, the United States further voluntarily commits to notify the court.)

The United States also seeks to defer disclosure of information that would reveal the identity of individuals who are cooperating in the investigation. This necessarily includes deferring disclosure of the "disclosures required by *Giglio v. United States*, 405 U.S. 150 (1972)", because the nature of this information – for instance, records of criminal conviction, accounts of contact with law enforcement, or court records memorializing plea agreements –would necessarily reveal the identity of the witnesses. (To the extent that potential impeachment information exists in the statements of other witnesses, this Jencks material is exempt from pretrial discovery for the reasons described above.)

In order to promote the "furtherance and protection of the public interest in effective law enforcement", the Supreme Court recognizes that the government enjoys a limited

U.S. v. Fuhrer et al.
3:19-cr-00026
Page 4 of 7
Case 3:19-cr-00026-TMB   Document 186   Filed 07/03/19   Page 4 of 7

"privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The United States asserts this privilege here to avoid premature disclosure that would unnecessarily endanger these witnesses' safety.

This is no talismanic recitation. The defendants in this case are members of a well-organized criminal enterprise with members operating throughout the state, inside and outside of prison. Though detained by order of this court, the defendants remain housed in the same correctional system from which the conspiracy at the heart of this case was engineered. There are also many known members and associated who operate outside of prison. And the enterprise's history of retaliating against perceived cooperators is well documented.

A trial judge has discretion to preclude *any* pretrial disclosure of cooperating witness identities before trial, if the need for witness protection outweighs the extent to which disclosure would assist the defendant. *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). The United States does not ask the court to go that far: rather, the request is to defer the full disclosure until a week before the trial begins.

Again, the United States is cognizant of and sensitive to the very real interests that the defendants have in understanding the evidence against them. For those witnesses who are in situations where their protection from the defendants can be reasonably assumed: the government intends to disclose information about those witnesses to the defendants in the near future. Other witnesses will not be readily susceptible to identification from the

U.S. v. Fuhrer et al.
3:19-cr-00026
Page 5 of 7
Case 3:19-cr-00026-TMB   Document 186   Filed 07/03/19   Page 5 of 7

contents of their statements alone: the United States intends to disclose this information (and associated impeachment material) with names redacted, and will reveal the full identities closer to trial. But there are some witnesses whose statements will, by their nature, serve to reveal their identities, and who cannot be reasonably protected for an extended period of time before trial. For those witnesses, the important need for protection in light of the very real danger presented weighs heavily in favor of deferring disclosure until close to the time of trial. If the court is inclined to require earlier pretrial disclosure of this information, the United States requests an opportunity to be heard further ex parte. *See* Fed. R. Crim. P. 16(d)(1).

The United States recognizes the defendants' interest in promptly receiving the discovery they are entitled to in a way that enable them to use it effectively to prepare for trial. The United States similarly recognizes its continuing obligations under *Brady*, *Giglio*, and their progeny, and intends to diligently comply with those duties – and will do so regardless of whether this court issues an order to that effect or not. However, the United States also has an indispensable obligation to avoid "premature disclosure of Government witness information" that would "expose prospective witnesses to serious harm." *United States v. Ruiz*, 536 U.S. 622, 632 (2002). The proposed scheduling order here strikes the appropriate balance between allowing the defendants to properly marshal their defenses without unduly exposing anyone to unnecessary danger.

With regards to ¶¶ (13) and (14), a disclosure of these items one month before trial is sufficient time to allow the defense to prepare. These 404(b) and 609 notices are fairly

U.S. v. Fuhrer et al.
3:19-cr-00026
Page 6 of 7
Case 3:19-cr-00026-TMB   Document 186   Filed 07/03/19   Page 6 of 7

routine. This is consistent with a previous order in a complex case in this district, *United States v. Holloway et al.*, 3:15-cr-101-TMB-DMS (Attachment 1), wherein the court ordered these disclosures approximately one month prior to trial.

RESPECTFULLY SUBMITTED July 3, 2019 at Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

/s James Klugman
JAMES KLUGMAN
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2019
a true and correct copy of the foregoing
was served electronically on the following:

Wayne Fricke
Brent Hart
Peter Mazzone
Cassandra Stamm
Bradly A. Carlson
D. Scott Dattan

/s James Klugman
Office of the U.S. Attorney

U.S. v. Fuhrer et al.
3:19-cr-00026
Page 7 of 7
Case 3:19-cr-00026-TMB   Document 186   Filed 07/03/19   Page 7 of 7