IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. Filthy Fuhrer, et al.*
Case No. 3:19-cr-00026-TMB-DMS

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on an Objection to Order Regarding Delayed Production of *Giglio* Material ("Objection") filed by Defendant Colter O'Dell and joined by Defendants Glen Baldwin, Craig King, and Filthy Fuhrer (collectively, "Defendants").[1] Defendants broadly object to the delayed production of *Giglio* materials, arguing that impeachment evidence under *Giglio* is subject to prompt disclosure as a "sub-set of exculpatory evidence under *Brady*."[2] For the reasons discussed below, Defendants' Objection is **OVERRULED**.

On August 12, 2019, the assigned Magistrate Judge held an *ex parte* hearing on the Government's request to delay production of *Giglio* material.[3] During the hearing, the Government provided evidence of threats and retaliation against eleven witnesses associated with the case. Based on that evidence, the Magistrate Judge found "good cause to delay the production of impeachment material to ensure witness safety and a fair and impartial trial" and granted delayed production ("Order").[4] For certain witnesses, the Government was ordered to provide all *Giglio* material at least ten days before the start of trial.[5] For other witnesses, whose security could be reasonably assured, the Magistrate Judge ordered *Giglio* disclosure dates "August 26–October 14, 2019."[6]

Defendants filed the Objection a week after the Magistrate Judge issued the Order.[7] The Government filed a Reply, which argues that deferral is appropriate and furthermore, the Government has disclosed certain Jencks Act and *Giglio* material for the primary cooperating witnesses.[8] Defendants also moved for subpoenas requiring production of evidence, compelling

---

[1] Dkts. 261 (Objection); 262 (Notice of Joinder).
[2] Dkt. 261 at 4–5 (citing *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Bagley*, 473 U.S. 667 (1985)).
[3] Dkts. 230 (*Ex Parte* Document); 236 (Minute Entry).
[4] Dkt. 259 (Order).
[5] *Id.* at 2.
[6] *Id.*
[7] Dkt. 261.
[8] Dkt. 265 (Reply).

1

discovery, and *in camera* review of confidential reports.[9] The Magistrate Judge denied issuing subpoenas or compelling discovery but granted *in camera* review.[10]

In the meantime, the jury trial was reset to begin on September 8, 2020.[11] The Magistrate Judge then held another hearing regarding the delayed production of *Giglio* material and issued an Amended Order Regarding Delayed Production of *Giglio* Material ("Amended Order").[12] The Amended Order set the new disclosure deadline by August 27, 2020, twelve days before the start of trial.[13] The Amended Order acknowledged that certain disclosures were being reviewed *in camera* and that the Government has a continuing duty to produce *Brady* and *Giglio* material or seek additional *in camera* review.[14]

On November 14, 2019, Defendants were directed to file a status report regarding whether any objections remain in light of the Amended Order.[15] Defendants maintain their objection "to the differential treatment of impeachment evidence (*Giglio* materials) and more broadly exculpatory evidence (*Brady* materials) and the intentionally delayed production of the former."[16]

Thereafter, on December 6, 2019, the Magistrate Judge issued a Second Amended Order Regarding Delayed Production of *Giglio* Material ("Second Amended Order"), which addressed Defendants' reading that the prior Orders created a distinction between *Brady* and *Giglio* material.[17] The Second Amended Order clarified that both *Brady* and *Giglio* material at issue in this case must be produced prior to trial but otherwise relied on several Ninth Circuit cases that provide trial courts wide latitude in determining the timing of disclosures.[18] However, the Second Amended Order also recognized, through *in camera* review, that the *Giglio* material at issue may include voluminous reports for multiple witnesses.[19] As a result, the deadlines for production for seven of the eleven witnesses were reset to thirty days before trial.[20] The August 27, 2020 deadline remained in place for four witnesses, due to safety concerns.[21]

---

[9] Dkts. 264 (*Ex Parte* Motion for Subpoenas); 267 (Motion for Discovery); 281 (Motion to Compel).
[10] Dkts. 297 (Order); 311 (Order); 320 (Order).
[11] Dkt. 277 (Minute Entry).
[12] Dkts. 279 (Minute Entry); 299 (Amended Order).
[13] Dkt. 299 at 2.
[14] *Id.* at 2–3.
[15] Dkt. 305 (Text Order).
[16] Dkt. 307 at 2 (Status Report).
[17] Dkt. 323 (Second Amended Order).
[18] *Id.* at 4–5.
[19] *Id.* at 6–7.
[20] *Id.*
[21] *Id.*

In an updated status report, following the Second Amended Order, Defendants reiterate that their original Objection still stands.[22] The Government's recent production contained only three pages of additional *Giglio* material.[23]

Federal Rule of Criminal Procedure 59(a) permits parties to serve and file objections to a nondispositive order by a magistrate judge. "The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."[24]

"Under *Brady*, the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or innocence."[25] Favorable evidence includes impeachment evidence pursuant to *Giglio*.[26] The disclosure of such evidence "'must be made at a time when disclosure would be of value to the accused'" but "*Brady* does not necessarily require that the prosecution turn over exculpatory material *before* trial."[27] "Rather, the relevant inquiry is whether the disclosure, when made, was still of value to the accused."[28]

In this case, the Second Amended Order is not contrary to law or clearly erroneous. The Government has been ordered to produce its *Giglio* material more than ten days in advance of trial, with the majority of disclosure due a month before trial. This timeframe is well within the Court's discretion and not a clear violation of *Brady* or Ninth Circuit caselaw interpreting *Brady*.[29] Furthermore, Defendants have not provided any authority establishing an alternative timeline, nor have they argued why the Magistrate Judge's timeline for disclosure nullifies the value of the information to be disclosed.[30] Given that the material will be made available to Defendants before trial and Defendants will have the opportunity to use the evidence at trial, there is no prejudice to the defense.[31] Therefore, the disclosure deadlines set by the Second Amended Order still offer value to Defendants.

Accordingly, the Objection is **OVERRULED**. The Parties are **ORDERED** to observe the deadlines as set by the Second Amended Order. To the extent the Government has additional

---

[22] Dkt. 341 (Status Report).
[23] *Id.* at 2.
[24] Fed. R. Crim. P. 59(a).
[25] *United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988) (citing *Brady*, 373 U.S. at 87).
[26] *Id*. (citing *Giglio*, 405 U.S. at 154).
[27] *Id.* (quoting *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985) (emphasis in original)); *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991). *See also United States v. Woodley*, 9 F.3d 774 (9th Cir. 1993) (rejecting a *Brady* claim where potentially exculpatory material was disclosed ten days before and during trial).
[28] *United States v. Purry*, 702 Fed.App'x. 511, 514 (9th Cir. 2017) (citing *Aichele*, 941 F.2d at 764).
[29] *See Woodley*, 9 F.3d at 777.
[30] *See* Dkts. 307; 341.
[31] *Aichele*, 941 F.2d at 764.

*Giglio* material related to the five primary witnesses,[32] that information must be produced **by no later than February 25, 2020.**

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: February 18, 2020.

---

[32] *See* Dkt. 323 at 2 (describing "[t]hese witnesses are in a situation where their security can be reasonably assured.").