## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States v. Filthy Fuhrer, et al.*
Case No. 3:19-cr-00026-TMB-DMS

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Roy Naughton's Motion to Strike Motion for Clarification ("Motion to Strike").[1] Defendants Craig King and Filthy Fuhrer have joined the Motion to Strike.[2] The Government filed a Response in Opposition to Defendants' Motion to Strike ("Opposition").[3] For the reasons discussed below, the Motion to Strike is **DENIED**.

On April 1, 2020, the Government filed a Motion for Clarification Regarding the Admissibility of Evidence of the VICAR Assault of Jeremiah Johnson ("Motion for Clarification").[4] In light of the current coronavirus (COVID-19) pandemic and the subsequent countermeasures, the Court *sua sponte* extended the response briefing deadline to 40 days.[5] On April 2, 2020, Naughton filed the present Motion to Strike.[6]

The Motion to Strike argues that the Motion for Clarification "is simply a motion asking to admit evidence under different caption."[7] Indeed, the Motion for Clarification seeks a ruling on the admissibility of certain evidence under Federal Rule of Evidence 404(b).[8] Defendants object to the Motion for Clarification being filed months in advance of the deadlines for Rule 404(b) disclosures and motions *in limine*, as set forth in the Court's scheduling order.[9] The Motion to Strike argues that the Government is not authorized to accelerate the preset briefing schedule and that even the extended 40-day deadline is not sufficient time to file a response to the Motion for Clarification under the current circumstances of COVID-19.[10] Therefore, Defendants urge the Court to strike the Motion for Clarification and enforce the deadlines in the scheduling order so that all motions *in limine* and Rule 404(b) issues may be resolved at the same time.[11]

---

[1] Dkt. 409 (Motion).

[2] Dkts. 411 (Notice of Joinder); 412 (Notice of Joinder).

[3] Dkt. 415 (Opposition).

[4] Dkt 402 (Motion).

[5] Dkt. 401 (Text Order).

[6] Dkt. 409.

[7] *Id.* at 4.

[8] Dkt. 402 at 3.

[9] Dkt. 409 at 4. *See* Dkt. 382 (Scheduling Order) (setting the disclosure deadline for Rule 404(b) evidence on June 8, 2020, and motions *in limine* on August 7, 2020).

[10] *Id.* at 4–5.

[11] *Id.* at 6.

1

The Government's Opposition argues that, regardless of filing deadlines, the Court will need to rule on the admissibility of the Rule 404(b) evidence at issue and it behooves the progress of the case to resolve the Motion for Clarification without further delay.[12] The Government states it is "willing to be reasonable in accommodating requests for additional time as circumstances warrant, particularly in light of the COVID-19 pandemic and the location of most of the defense attorneys in the Seattle-Tacoma area."[13]

Federal Rule of Criminal Procedure 12 governs the filing of pretrial motions. Rule 12 allows the Court discretion to set, extend, and reset deadlines and only dictates the consequences of untimely motions, *i.e.*, those filed after a deadline has passed.[14] This Court has set deadlines for the motions at issue.[15] The scheduling order explains that "[t]he deadlines set below present the *latest dates* on which the government has to produce evidence relevant to that category. In the spirit of continued cooperation, the Court expects the government to provide discovery *prior to* those dates when feasible."[16] The Court's intention was to resolve evidence issues expeditiously and the scheduling order does not set dates before which motions cannot be filed.

Here, Defendants' arguments are based on the fact that the Motion for Clarification was filed before a deadline. Other than to avoid "piecemeal" motion practice, Defendants do not argue any reason why the present Rule 404(b) issues cannot be resolved at this time. For example, Defendants do not allege that the Government has improperly withheld discovery relevant to the Motion for Clarification. However, without such arguments, the Court finds no reason to delay the resolution of the issued presented in the Government's Motion for Clarification. A preliminary evidentiary ruling does not bind the Court from admitting or suppressing evidence at a later date or at trial. In the event circumstances change or new evidence comes to light, the Parties may move for reconsideration of the admissibility of any evidence.

Accordingly, the Motion to Strike is **DENIED**. Defendants are directed to file their responses to the Motion for Clarification by or before the deadline set at docket 401. Defendants may move for additional time, if needed, but are encouraged to confer with the Government before filing such a motion.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: April 15, 2020.

---

[12] Dkt. 415 at 3–5.
[13] *Id.* at 5.
[14] Fed. R. Crim. P. 12(c).
[15] *See* Dkt. 382.
[16] *Id.* at 2 (emphasis added).