# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FILTHY FUHRER, ROY NAUGHTON, GLEN BALDWIN, and COLTER O'DELL,<br><br>　　　　Defendants. | No. 3:19-cr-00026-TMB-DMS<br><br>**REPORT AND RECOMMENDATION[1] ON DEFENDANTS' MOTION TO DISMISS SUPERSEDING INDICTMENT**<br>**[Doc. 615]** |

## I.　INTRODUCTION

　　Defendants Filthy Fuhrer, Roy Naughton, Glen Baldwin, and Colter O'Dell move to dismiss the superseding indictment filed on October 23, 2020. The superseding indictment added two co-defendants, Justin Eaton and Felicia King, and the following additional charges: (1) an overarching RICO conspiracy charge against Fuhrer, Naughton, Baldwin, O'Dell, C. King, and Eaton (Count 1), (2) charges related to the kidnapping of Jeremy Smith against Fuhrer and Naughton (Counts 7, 8, 9), (3) charges related to the kidnapping of Jermiah Johnson against

---

[1] This report and recommendation is being issued as a final report and recommendation. Pursuant to Fed. R. Crim. P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration and recommendations.

*United States v. Fuhrer et al.*
3:19-cr-00026-TMB-DMS
R&R re Mtn to Dismiss Superseding Indictment　　　　　　　　　　　　　　　　　　1
Case 3:19-cr-00026-TMB   Document 668   Filed 12/31/20   Page 1 of 12

Fuhrer, Naughton, and Eaton (Counts 10, 11, 12), and (4) a charge of accessory after the fact against F. King (Count 6). (Doc. 558).

Defendants Fuhrer, Naughton, Baldwin, and O'Dell claim these additional charges should be dismissed with prejudice pursuant to the due process clause of the Fifth Amendment and, alternatively, Federal Rule of Criminal Procedure 48(b). (Doc. 615 at 3-5). These additional charges were brought after the Court granted the defense's request to continue trial until March 29, 2021. (Docs. 446, 558). The defendants argue that since the new indictments "are not based on any new development in the case" the government has impermissibly "taken advantage of the pandemic." (Doc. 615 at 2).

The government responds in opposition, stating "the defendants have failed to present a prima facie case for relief under either type of claim." (Doc. 648 at 2). Specifically, the government claims that the defendants have not shown prejudice pursuant to their due process claim and that the doctrine of forewarning and caution bars a Rule 48(b) dismissal, as well. (Doc. 648 at 3-7).

The defendants' motion is now ripe for consideration. For the following reasons, the Court recommends the District Court DENY the Motion to Dismiss Superseding Indictment.

## II. STATEMENT OF FACTS

Defendants Filthy Fuhrer, Roy Naughton, Glen Baldwin, and Colter O'Dell were first indicted on March 21, 2019. (Doc. 2). The indictment included six charges: (1) Violent Crimes in Aid of Racketeering (VICAR) conspiracy 18 U.S.C. §

*United States v. Fuhrer et al.*
3:19-cr-00026-TMB-DMS
R&R re Mtn to Dismiss Superseding Indictment        2

Case 3:19-cr-00026-TMB   Document 668   Filed 12/31/20   Page 2 of 12

1959(a)(5), (2) VICAR kidnapping 18 U.S.C. § 1959(a)(1), (3) VICAR assault 18 U.S.C. § 1959(a)(3), (4) kidnapping 18 U.S.C. § 1201(a)(1), (5) VICAR murder 18 U.S.C. § 1959(a)(1), and (6) a second charge of VICAR assault 18 U.S.C. § 1959(a)(3). (Doc. 2 at 1-2).

The case was declared complex in April 2019. (Doc. 108). In May 2019, trial was set for May 4, 2020. (Doc. 139). In October 2019, trial was rescheduled for September 8, 2020. (Doc. 277). In March 2020, the U.S. District Court for the District of Alaska began issuing a series of general orders in response to the COVID-19 pandemic, suspending court proceedings. Misc. General Order No. 20-11 (Mar. 20, 2020).

On April 21, 2020, counsel for defendant Fuhrer filed a motion to continue trial "to no earlier than late February 2021," citing COVID-related travel restrictions, prison visitation restrictions, and scheduling conflicts. (Doc. 446 at 1-3). The government did not oppose the motion. (Doc. 446 at 4). On June 19, 2020, trial was reset for March 29, 2021. (Doc. 509).

On October 23, 2020, a grand jury returned a superseding indictment naming two additional co-defendants, Justin Eaton and Felicia King. (Doc. 558). The superseding indictment also added the following charges: (1) RICO conspiracy charge against Fuhrer, Naughton, Baldwin, O'Dell, C. King and Eaton in violation of 18 U.S.C. § 1962(d) (Count 1); (2) kidnapping conspiracy charge against Fuhrer and Naughton for the alleged kidnaping of Jeremy Smith in violation of 18 U.S.C. § 1201(c) (Count 7); (3) kidnapping conspiracy charge against Fuhrer, Naughton, and

*United States v. Fuhrer et al.*
3:19-cr-00026-TMB-DMS
R&R re Mtn to Dismiss Superseding Indictment    3
Case 3:19-cr-00026-TMB   Document 668   Filed 12/31/20   Page 3 of 12

Eaton for the alleged kidnaping of Jermiah Johnson in violation of 18 U.S.C. § 1201(c) (Count 10); (4) kidnapping charge against Fuhrer and Naughton for the alleged kidnapping of Jeremy Smith in violation of 18 U.S.C. § 1201(a)(1) (Count 8); (5) kidnapping charge against Fuhrer, Naughton, and Eaton for the alleged kidnapping of Jermiah Johnson in violation of 18 U.S.C. § 1201(a)(1) (Count 11); (6) VICAR assault charge against Fuhrer and Naughton for the alleged assault of Jeremy Smith in violation of 18 U.S.C. § 1959(a)(3) (Count 9); (7) VICAR assault charge against Fuhrer, Naughton, and Eaton for the alleged assault of Jermiah Johnson in violation of 18 U.S.C. § 1959(a)(3) (Count 12); and (8) accessory after the fact charge against F. King in violation of 18 U.S.C. § 3 (Count 6). (Doc. 558).

### III. APPLICABLE LAW

"[T]he applicable statute of limitations is the primary guarantee against bringing overly stale criminal charges." *United States v. Marion*, 404 U.S. 307, 322 (1971) (quoting *United States v. Ewell*, 383 U.S. 116, 112 (1966). Those statutes are a result of the legislature's careful balancing of the government's interests and rights of criminal defendants, providing "predictability by specifying a limit beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced." *Id.* at 322-23. However, this "does not fully define defendants' rights, . . . the Due Process Clause has a limited role to play in protecting against oppressive delay," as well. *United States v. Lovasco*, 431 U.S. 783 (1977). Additionally, courts have the power to dismiss an indictment due to "unnecessary delay" under Federal Rule of Criminal Procedure 48(b).

*United States v. Fuhrer et al.*
3:19-cr-00026-TMB-DMS
R&R re Mtn to Dismiss Superseding Indictment     4
Case 3:19-cr-00026-TMB    Document 668    Filed 12/31/20    Page 4 of 12

### A. Due Process Protection Against Preindictment Delay

To determine whether preindictment delay violated a defendant's right to due process, the Ninth Circuit applies a two-part test. *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992). First, "the defendant must prove actual, non-speculative prejudice from the delay." *Id*. Second, "the length of the delay, when balanced against the reason for the delay, must offend those 'fundamental conceptions of justice which lie at the base of our civil and political institutions.'" *Id.* (citing *United States v. Sherlock,* 962 F.2d 1349, 1353–54 (9th Cir.1992); *Lovasco,* 431 U.S. at 790).

#### i. Actual, Non-speculative Prejudice

Defendants have a heavy burden to establish the requisite prejudice needed for a valid due process claim, which "is rarely met." *United States v. Cororna-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007). Typically, prejudice manifests as lost evidence due to the length of time between when the alleged offense was committed and when a defendant is indicted. *Huntley*, 976 F.2d at 1290. In that context, defendants must show what evidence was lost due to the delay and describe "the way that evidence would have helped in their defense." *United States v. Mays*, 549 F.2d 670, 679 (9th Cir. 1977). "Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995).

For example, in *United States v. Richburg*, sufficient prejudice was demonstrated due to the loss of the defendant's notes regarding sales presentations

*United States v. Fuhrer et al.*
3:19-cr-00026-TMB-DMS
R&R re Mtn to Dismiss Superseding Indictment 5

Case 3:19-cr-00026-TMB Document 668 Filed 12/31/20 Page 5 of 12

that would have helped demonstrate his "innocence of any intent to defraud." 478 F.Supp. 535, 540-41 (M.D. Tenn 1979). After finding there was "no substitute source from which he can obtain their contents" and that "the loss [was] traceable to the government's delay rather than to [the defendant's] negligence in protecting his interests," the court concluded he did in fact "suffer actual substantial prejudice" from the delay. *Id.* at 538.

Another case where sufficient prejudice was found, involved a 47-month delay during which six witnesses had died and

> many other witnesses . . . [had] extreme and understandable difficulty remembering the relevant facts. The loss of these witnesses undoubtedly impaired [the defendant's] ability to defend himself on the crucial issue of whether the $30,000 loan on the books of the bank was actually a loan made in the ordinary course of business or a political contribution.

*United States v. Barket*, 530 F.2d 189, 193 (8th Cir. 1976). Further, the court found "the fact that the statute of limitations applicable to [these] offenses has now been reduced to three years" was "not entirely irrelevant to [the court's] assessment of the reasonableness of the 47 month [3.9 year] delay." *Id.* at 193-94.

### ii. "Fundamental Justice" Balancing

After actual prejudice is established, courts will dismiss an indictment pursuant to the due process clause only after finding that the such delay "violates fundamental conceptions of justice which lie at the base of our civil and political institutions, and which define the community's sense of fair play and decency." *Lovasco*, 431 U.S. at 790 (quoting *Mooney v. Holohan*, 294 U.S. 103, 112, (1935);

*United States v. Fuhrer et al.*
3:19-cr-00026-TMB-DMS
R&R re Mtn to Dismiss Superseding Indictment    6

Case 3:19-cr-00026-TMB Document 668 Filed 12/31/20 Page 6 of 12

*Rochin v. California*, 342 U.S. at 165, 173 (1952). However, "to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." *Id*. at 792-96.

In the Ninth Circuit, this determination is made through balancing "the length of the delay against the reasons for it." *Huntley*, 976 F.2d. at 1291. Further, courts look to see whether the government "either intentionally delayed the indictment to gain a tactical advantage or delayed it in reckless disregard of circumstances indicating an appreciable risk of harm to the defense." *United States v. Burns*, 701 F.2d 840, 842 (9th Cir. 1983). "[I]f mere negligent conduct by the prosecutors is asserted, then obviously the delay and/or prejudice suffered by the defendant will have to be greater." *United States v. Ross*, 123 F.3d 1181, 1185 (9th Cir. 1997) (quoting *United States v. Moran*, 759 F.2d 777,782 (9th Cir. 1985)).

### B. Dismissals for Unnecessary Delay under Rule 48(b)

Federal Rule of Criminal Procedure 48(b) authorizes dismissal of an indictment due to "unnecessary delay" even when a defendant's Constitutional rights are not violated Fed. R. Crim. P. 48(b). The rule restates "the inherent power of the court to dismiss a case for want of prosecution." Fed. R. Civ. P. 35 advisory committee notes 1944 adoption. However, a Rule 48(b) dismissal "should be imposed only in extreme circumstances." *Huntley*, 976 F.2d at 1291 (citing *United States v. Sears, Roebuck & Co.,* 536 F.2d 827 (9th Cir. 1989)).

*United States v. Fuhrer et al.*
3:19-cr-00026-TMB-DMS
R&R re Mtn to Dismiss Superseding Indictment 7
Case 3:19-cr-00026-TMB Document 668 Filed 12/31/20 Page 7 of 12

In the Ninth Circuit, "a district court abuses its discretion if it imposes the sanction of dismissal under Rule 48(b) without first satisfying the requirements of caution and forewarning." *United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 737-38 (9th Cir. 1989). "[C]aution must be exercised before imposing the 'harsh remedy' of a Rule 48(b) dismissal." *Id.* at 1292. Caution generally means finding prosecutorial misconduct and actual prejudice to the accused. *United States v. Gilbert*, 813 F.2d 1523, 1531 (9th Cir. 1987)

Additionally, the forewarning rule prevents courts from issuing a Rule 48(b) dismissal without first warning the government that such dismissal could occur if indictment is delayed. *Huntley*, 976 F.2d at 1292. "For example, if the court had a reasonable concern about the old complaint . . . it might have ordered the government to obtain an indictment within some reasonable time or show cause why the complaint should not be dismissed." *Id.* at 1291.

## IV. DISCUSSION

The defendants complain that the new charges in the superseding indictment "are not based on any new development in the case" but "relate to information that the government has had in its possession since the beginning of the case." (Doc. 615 at 2). Defendants argue that had they "been aware that the government was going to take advantage of the pandemic in this way," they would not have sought a continuance. (Doc. 615 at 4). However, the government's preindictment delay does not violate due process. Further, since the government was not forewarned of possible dismissal, a Rule 48(b) dismissal is inappropriate.
*United States v. Fuhrer et al.*
3:19-cr-00026-TMB-DMS
R&R re Mtn to Dismiss Superseding Indictment      8

## A. The Defendants Have Not Satisfied the Requirements to Show Due Process Violation from Preindictment Delay.

The defendants have not made sufficient showing of actual prejudice from the delay, nor have they demonstrated that allowing the government to bring the charges in the superseding indictment would offend fundamental conceptions of justice. Therefore, the defendants have failed to meet either prong of the Ninth Circuit test for due process violation from preindictment delay. *See Huntley*, 976 F.2d at 1290.

### i. Defendants have not alleged actual, non-speculative prejudice caused by the delay.

Typically, actual prejudice takes the form of lost evidence that the defense would have had access to but for the delay in the indictment. These types of prejudice are irreversible and specific in nature; for example, the death of the three specific witness favorable to the defense (*Barket*, 530 F.2d at 193), or notes that were discarded, where the contents of which the defendant knew to be favorable to his defense (*Richburg*, 478 F.Supp. at 540-41). Conversely, the defendants in this case assert that they are "unable to adequately investigate the new charges . . . [g]iven the pandemic." (Doc. 615 at 3). The COVID-19 pandemic is a new problem not considered by prior cases; however, the defendants' alleged "inability to investigate" is far from the type of irreversible, specific prejudice present in precedent cases where courts have granted the extreme remedy of dismissal.

First, the defendant's COVID-related inability to investigate is not specific. In the context of lost evidence, Courts have required showing of "what evidence was

*United States v. Fuhrer et al.*
3:19-cr-00026-TMB-DMS
R&R re Mtn to Dismiss Superseding Indictment  9
Case 3:19-cr-00026-TMB   Document 668   Filed 12/31/20   Page 9 of 12

lost due to the delay," requiring that a defendant describe "the way that evidence would have helped in their defense." *Mays*, 549 F.2d at 679. Defendants in this case have failed to assert what specific documents, witnesses, or other favorable evidence they are unable to obtain because of the delay. This type of general assertion is not sufficient prejudice. *See Manning*, 56 F.3d at 1194.

Second, any alleged prejudice is speculative in nature; the defendants do not allege any witnesses or documents needed to assert their defense have been lost during the delay, instead they only allege evidence is more difficult to discover due to COVID-related restrictions on travel and counsel visitation. (Doc. 615 at 3). In cases where prejudice has been found, defendants demonstrated that vital evidence was forever lost and "no substitute source" exists to obtain similar information. *Richburg*, 478 F.Supp. 541; *Barket*, 530 F.2d 193. The Court cannot make similar findings here.

Therefore, the defendants' claim that "the continued pandemic does impact [the defendants'] ability to investigate the new charges against [them]" (Doc. 615 at 5), fails to rise to the actual, non-speculative prejudice necessary to establish a due process violation. *See Huntley*, 976 F.2d at 1290; *Mays*, 549 F.2d at 679.

> **ii. Even if actual prejudice was present, the government's delay does not offend "fundamental conceptions of justice."**

After a finding of actual, non-speculative prejudice is made, the defendants still need to show that when balancing the government's motives for delay, the length of delay, as well as the asserted prejudice, the delayed indictment offends fundamental conceptions of justice. *Burns*, 701 F.2d at 842; *Ross*, 123 F.3d at 1185.

*United States v. Fuhrer et al.*
3:19-cr-00026-TMB-DMS
R&R re Mtn to Dismiss Superseding Indictment 10
Case 3:19-cr-00026-TMB Document 668 Filed 12/31/20 Page 10 of 12

The defendants do not allege an impermissible reason for the delay, and none are otherwise apparent; instead "the defense would suggest that there is no legitimate reason" for the delay and demands that the government "be forced to explain the reason for the delay." (Doc. 615 at 4). Here, the superseding indictment was sought six months before the trial date and seven months after the first indictment. The superseding indictment stems from events that occurred in April and July of 2017. The court is not convinced that only illegitimate reasons explain the seven-month delay in the superseding indictment, particularly since this time included COVID-related restrictions on grand jury proceedings.

Absent intent or recklessness on behalf of the government, "the delay and/or prejudice suffered by the defendant will have to be greater" in order to find that fundamental justice is offended. *Ross*, 123 F.3d at 1185. As explained *supra*, the defendants have not shown actual prejudice from the delay. Further, the delay is not excessive, as noted, the superseding indictment comes six months before the scheduled trial date and seven months after the first indictment in this multi-defendant, complex case. Therefore, the preindictment delay in this case does not amount to a violation of the defendants' rights to due process under the Fifth Amendment.

**B. A Rule 48(b) Dismissal Is Not Appropriate Since the Government Was Not Forewarned of a Possible Dismissal and Such an Extreme Remedy is Not Warranted.**

In this case, the government was not given advance warning that delay could result in dismissal, therefore it would amount to an abuse of discretion for the court

*United States v. Fuhrer et al.*
3:19-cr-00026-TMB-DMS
R&R re Mtn to Dismiss Superseding Indictment   11
Case 3:19-cr-00026-TMB   Document 668   Filed 12/31/20   Page 11 of 12

to dismiss the superseding indictment without such forewarning. *See Sears, Roebuck & Co.*, 877 F.2d at 734. Further, such a harsh remedy as dismissal is not appropriate here, where there is no showing of misconduct by the government and the defendants have not demonstrated actual prejudice. *See Huntley*, 976 F.2d at 1292; *Gilbert*, 813 F.2d at 1531. While the defendants may seek out other means to remedy the alleged difficulties investigating the additional charges during the pandemic, such as a further continuance if necessary, dismissal by the Court under Rule 48(b) would amount to an abuse of discretion.

## V. CONCLUSION

For the foregoing reasons, this Court recommends the District Court DENY defendants' Motion to Dismiss the Superseding Indictment (Doc. 615).

DATED this 31st day of December, 2020 at Anchorage, Alaska.

*/s/Deborah M. Smith*
CHIEF U.S. MAGISTRATE JUDGE

*United States v. Fuhrer et al.*
3:19-cr-00026-TMB-DMS
R&R re Mtn to Dismiss Superseding Indictment    12
Case 3:19-cr-00026-TMB   Document 668   Filed 12/31/20   Page 12 of 12