Bradly A. Carlson
Carlson Law Group, LLC
645 G Street, Suite 100 #558
Anchorage, AK 99501
P: (907) 677-8111
F: 1-907-917-2015
Email: brad@bcarlsonlaw.com

CJA Counsel for Defendant Craig King

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 3:19-cr-00026-TMB-SAO |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT CRAIG KING'S** |
| | ) | **SEVENTH MOTION IN LIMINE** |
| vs. | ) | |
| | **)** | |
| CRAIG KING, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMES NOW**, Defendant Craig King ("Craig"), by and through his counsel of record, Bradly A. Carlson of Carlson Law Group, LLC and hereby submits his Seventh Motion in Limine prior to trial in this matter, which is docketed for March 14, 2022. The relief that Craig is requesting is to fully cross-examine cooperating witnesses fully on the benefit they have obtained, seek, and/or charges bargained away for their cooperation.

## Craig has a Six Amendment Constitutional Right to Examine Cooperating Witnesses Fully on the Benefit they have Obtained, the Benefits they Seek, and any Potential Charges Bargained Away with the United States.

The Sixth Amendment guarantees the right of the accused in a criminal prosecution to confront the witnesses against him. The "primary interest" secured by this guarantee "is the right of cross-examination."[1] This function is "essential to a fair trial" because of its unique value in "exposing falsehood and bringing out the truth in a trial of a criminal case."[2] Cross-examination is "[t]he principle means by which the believability of a witness and the truth of his testimony are tested."[3] Indeed, "jurors [are] entitled to have the benefit of the defense theory before them so that they [may] make an informed judgment as to the weight to place on [the Government witness'] testimony."[4]

One way of discrediting the witness is to introduce evidence of a prior criminal conviction of that witness. By so doing the cross-examiner intends to afford the jury a basis to infer that the witness' character is such that he would be less likely than the average trustworthy citizen to be truthful in his testimony. The introduction of evidence of a prior crime is thus a general attack on the credibility of the witness. A more particular attack on the witness' credibility is affected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand. The partiality of a witness is subject to exploration at trial and is "[a]lways relevant as discrediting the witness and affecting the

---

[1] *Douglas v. Alabama*, 380 U.S. 415, 418 (1965).
[2] *Pointer v. Texas*, 380 U.S. 400, 404 (1965).
[3] *Davis v. Alaska*, 415 U.S. 308, 316 (1974).
[4] *Id.* at 317.

weight of his testimony."[5]  The Supreme Court has recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.[6]

The Ninth Circuit has repeatedly "emphasized the policy favoring expansive witness cross-examination in criminal trials."[7]  Here, nearly all of the Government's case is built on cooperating witnesses that have either received, or are anticipating receiving, a benefit to cooperating with the Government.  Those benefits include, but are not limited to, a reduced sentence and the dropping of charges.  The evidence further demonstrates that the Government's witnesses tell different version of the alleged events, and the testimony is given more detail after multiple interviews and continued law enforcement encouragement and coaching.  For those reasons, this Court should allow Craig to cross-examine each cooperating witness on the full benefit of his or her testimony.

## CONCLUSION

Craig has a constitutional right, through cross-examination, to show the jury that witnesses against him have a bias and motive to fabricate.  The Government's case is built on cooperating witnesses that tell a different version of the alleged events, and each one of them either received, or anticipate receiving, a benefit from the Government.  For those reasons, Craig should be allowed cross-examine each cooperating witness on the benefit

---

[5] 3A J. Wigmore, Evidence s 940, 775 (Chadbourn rev. 1970).
[6] *Davis*, 415 U.S. 308 at 316–17.
[7] *United States v. Kohring*, 637 F.3d 895, 905 (9th Cir. 2011).

that he or she has obtained, the benefits sought, and any potential charges bargained away with the Government.

Respectfully submitted this 3rd day of February 2022.

/S/ Bradly A. Carlson
645 G Street, Suite 100 #558
Anchorage, Alaska 99501
P: (907) 677-8111
F: 1-907-917-2075
Alaska Bar No. 1606056

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of February 2022, a true and accurate copy of the MILs has been caused to be served via electronic filing to the parties, including:

AUSA Andrew James Klugman
AUSA William Arthur Tayler

/S/ Bradly A. Carlson
Bradly A. Carlson