IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FILTHY FUHRER, ROY NAUGHTON,<br>GLEN BALDWIN, COLTER O'DELL,<br>and CRAIG KING,<br><br>　　　　　　　　　Defendants. | Case No. 3:19-cr-00026-TMB-SAO<br><br>**TRIAL PROCEDURE ORDER** |

Trial in this matter is set to begin on **Monday, March 14, 2022, at 9:00 a.m.** in Anchorage Courtroom 2 before Judge Timothy M. Burgess. A Final Pretrial Conference is set for **Friday, March 4, 2022, at 2:30 p.m.** in Anchorage Courtroom 2. This Order sets out procedures the Court will impose during trial and resolves certain requests made by the parties in motions *in limine*.[1]

### I. JURY SELECTION

The Court will hold two sessions per day during jury selection with 25 prospective jurors at each session. The first session will begin at 9:00 a.m. and run until approximately 12:30 p.m. The second session will begin at 1:30 p.m. and run until 5:00 p.m.

---

[1] This Order resolves some but not all requests in Defendant Glen Baldwin's Motions *in Limine* at Docket 822 and fully resolves Defendant Craig King's Fourth, Sixth, and Seventh Motions *in Limine* at Dockets 889, 891, and 982 respectively. The Court will issue separate orders clarifying the disposition of each of those motions.

1

A. Peremptory Challenges

The Court grants each defendant two additional peremptory challenges to be exercised individually.[2] The Court will impanel six alternate jurors for this trial for a total of 18 jurors. Accordingly, the Defendants will have 23 peremptory challenges: 13 to exercise jointly and 10 (two per defendant) individually.[3] The Government will have nine peremptory challenges.[4] The parties will be required to exercise peremptory challenges at the end of each session during jury selection, reserving any remaining challenges for subsequent sessions. In other words, if a party wishes to use a peremptory challenge on a specific prospective juror, they must do so during the session in which that juror is called.

B. Voir Dire

Counsel for each party will have 10 minutes to examine prospective jurors during each session, *i.e.*, 10 minutes for every 25 prospective jurors.[5]

## II. TRIAL SCHEDULE

After a jury is selected, trial will run Monday through Thursday from 9:00 a.m. until approximately 5:00 p.m. with a short break in the morning, an hour break for lunch, and a short break in the afternoon.

---

[2] *See* Fed. R. Crim. P. 24. Accordingly, the Court **GRANTS in part** Baldwin's Motions *in Limine* at Docket 822. *See* Dkt. 822 at 7; *see also* Dkt. 937 (Response to Baldwin's Motions *in Limine*).

[3] Fed. R. Crim. P. 24.

[4] *Id.*

[5] Accordingly, the Court **GRANTS in part** Baldwin's Motions *in Limine* at Docket 822. *See* Dkt. 822 at 2; *see also* Dkt. 937.

### III. WITNESSES, OPENING, AND CLOSING

*A. Masking*

The Court is currently evaluating whether it will require all individuals in the courtroom to wear masks during trial. A final decision will be announced on the first day of trial. Whether or not the Court requires masks, witnesses shall not wear masks while testifying and attorneys need not wear masks while speaking.[6]

*B. Notice of Witnesses*

The parties shall notify each other the evening before each trial day of all witnesses they intend to call the following day.[7] The Government shall inform the United States Marshal Service of any "security concerns involving some of the Government's witnesses who are currently out of district."[8]

**Beginning on Thursday, March 10, 2022**, each party who expects to call witnesses the following week shall provide to the United States Marshal Service designee **every Thursday during trial by 11:59 p.m.** a tentative schedule listing the in-custody witnesses they intend to call each day in the order the witnesses will be called.

*C. Sequence of Witness Examination, Opening Statements, and Closing Arguments; Time Allotted for Opening and Closing*

The Court **ORDERS** the Defendants to (1) confer in advance of trial to determine the order in which they will make opening statements if they intend to make opening statements and the

---

[6] Accordingly, the Court **GRANTS in part** Baldwin's Motions *in Limine* at Docket 822. *See* Dkt. 822 at 3; *see also* Dkt. 937.

[7] Accordingly, the Court **GRANTS in part** Baldwin's Motions *in Limine* at Docket 822. *See* Dkt. 822 at 1; *see also* Dkt. 937.

[8] Dkt. 937 at 2.

3

order in which they will cross-examine each witness and (2) file a joint notice with the Court **on or before March 10, 2022**, outlining the sequence the Defendants plan to follow for any opening statements and cross-examinations.[9] The Court recognizes this sequence may change as needed during trial.

D. *Cross-Examination Generally*

Each defendant may cross-examine each witness, as is their right.[10] The parties shall not, however, engage in repetitive or redundant lines of questioning. The parties should expect the Court to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."[11]

E. *Scope of Witness Examination*

Absent agreement among all parties as to the scope of examination for a particular witness, counsel will not be permitted to cross-examine witnesses on matters outside the scope of the direct examination and will instead be required to re-call witnesses.[12] In the event the parties have unanimously agreed to permit counsel to cross-examine a witness beyond the scope of the direct examination, counsel may not ask leading questions of non-hostile witnesses.

---

[9] If the Defendants cannot come to an agreement, they should so state in their filing. Absent agreement among the Defendants, the Court will randomly assign the order before trial.

[10] Accordingly, the Court **GRANTS** Defendant Craig King's Sixth Motion *in Limine* at Docket 891. *See generally* Dkt. 891; *see also* Dkt. 945 (Non-Opposition to King's Sixth Motion *in Limine*).

[11] Fed. R. Evid. 611(a).

[12] Accordingly, the Court **DENIES in part** Baldwin's Motions *in Limine* at Docket 822. *See* Dkt. 822 at 2; *see also* Dkt. 937. The Court will address the remaining requests in Baldwin's Motions *in Limine* at Docket 822 in a separate order.

The parties will not be permitted to re-cross-examine witnesses except in rare circumstances in which new matters are introduced on re-direct and a party has failed to object.[13] The parties are **obligated** to object if counsel attempts to elicit information on re-direct that exceeds the scope of cross-examination.

The Defendants will have the opportunity to cross-examine all cooperating witnesses on the benefits they have obtained, the benefits they seek, and potential charges bargained away in exchange for their cooperation.[14] As always, the Government may object if it believes a question is improper.

## IV. OBJECTIONS

An objection made by one defendant will be deemed an objection by all defendants who do not expressly state otherwise. If a defendant disagrees with the basis for a co-defendant's objection or has an additional basis for the objection, they must so state on the record.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 4th day of March, 2022.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[13] Accordingly, the Court **GRANTS in part and DENIES in part** King's Fourth Motion *in Limine* at Docket 889. *See generally* Dkt. 889; *see also* Dkt. 939 (Response to King's Fourth Motion *in Limine*).

[14] Accordingly, the Court **GRANTS** King's Seventh Motion *in Limine* at Docket 892. *See generally* Dkt. 892; *see also* Dkt. 946 (Non-Opposition to King's Seventh Motion *in Limine*). The Court will address the Government's Motions *in Limine* regarding the scope of questioning in a separate order.


5

Case 3:19-cr-00026-TMB-SAO   Document 1020   Filed 03/04/22   Page 5 of 5
