IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    v.<br><br>GLEN BALDWIN,<br><br>                  Defendant. | Case No. 3:19-cr-00026-TMB-SAO-3<br><br>ORDER ON DEFENDANT GLEN BALDWIN'S ADDITIONAL MOTIONS *IN LIMINE* (DKT. 822) |

## I.    INTRODUCTION

Before the Court is Defendant Glen Baldwin's Additional Motions *in Limine* (the "Motions").[1] The Government opposes the Motions.[2] For the following reasons, the Court **GRANTS in part and DENIES in part** the Motions.

## II.    BACKGROUND

Baldwin makes the following requests in the Motions:

1. "Parties should give each other notice of their expected witnesses the day before calling them to testify,"[3]

2. "Instead of re-calling witnesses, the parties should be allowed to conduct cross-examination beyond the scope of the direct,"[4]

---

[1] Dkt. 822 (Motions).

[2] Dkt. 937 (Response).

[3] *Id.* at 1.

[4] *Id.* at 2.

1

3. "Counsel for each party should be granted the right to conduct *voir dire* of prospective jurors for 30 minutes,"[5]

4. "Witnesses should only be allowed to testify while wearing clear masks without having any part of their faces concealed,"[6]

5. "Witnesses' *Curricula Vitae* should be excluded from Evidence,"[7]

6. "Each defendant should be granted two additional peremptory strikes that may be exercised separately or jointly,"[8]

7. "The government should refer to Mr. Baldwin as "Mr. Baldwin" or the "accused" but not as the "defendant.""[9]

The Court granted in part and denied in part Baldwin's first, second, third, fourth, and sixth requests in the Trial Procedure Order issued March 4, 2022.[10] The Court will now address the remaining issues.

---

[5] *Id.*

[6] *Id.* at 3.

[7] *Id.* at 5.

[8] *Id.* at 7.

[9] *Id.* at 8.

[10] Dkt. 1020 (Trial Procedure Order).

### III. LEGAL STANDARD

"A motion *in limine* is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence"[11] and may be used to request evidence be either excluded or admitted before trial.[12] Motions *in limine* are appropriate when the "mere mention of evidence during trial would be highly prejudicial."[13] "*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."[14]

A party seeking to exclude evidence through a motion *in limine* must satisfy a "high standard" and show the evidence is inadmissible on all potential grounds.[15] Otherwise, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."[16]

---

[11] *Barnard v. Las Vegas Metro. Police Dep't*, No. 2:03-cv-01524-RCJ-LRL, 2011 WL 221710, at *1 (D. Nev. Jan. 21. 2011); *Research Corp. Techs., Inc. v. Microsoft Corp.*, No. CV-01-658-TUC-RCJ, 2009 WL 2971755, at *1 (D. Ariz. Aug. 19, 2009).

[12] *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Fed. R. Evid. 609).

[13] *Barnard*, 2011 WL 221710, at *1 (quoting *Black's Law Dictionary* 1109 (9th ed. 2009)); *Research Corp.*, 2009 WL 2971755, at *1.

[14] *Ohler v. United States*, 529 U.S. 753, 758, n.3 (2000).

[15] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

[16] *Barnard*, 2011 WL 221710, at *1 (citations omitted); *BNSF*, 2010 WL 4534406, at *1 (citations omitted); *Research Corp.*, 2009 WL 2971755, at *1 (citations omitted).

## IV.  DISCUSSION

### A. *Witnesses'* Curricula Vitae *are Inadmissible*

Baldwin argues that "*curricula vitae* ('CV's') of experts and other witnesses should not be admitted into evidence" because they (1) are inadmissible hearsay[17] and/or (2) are cumulative of evidence that will be elicited on direct examination.[18] The Government "agrees that the parties should not introduce CVs of any of their witnesses into evidence at trial."[19] The Court **GRANTS** Baldwin's request accordingly. The parties shall not introduce witnesses' CVs into evidence.

### B. *The Government may Refer to Glen Baldwin as "Defendant"*

Baldwin asks the Court to prohibit the Government from calling him "defendant."[20] He argues that "[t]he label of 'defendant' is contrary to the presumption of innocence because it implies a burden to *defend*."[21]

The Court disagrees. As the Government argues, Baldwin is without question a "defendant" as defined in the law; the word "defendant" is used throughout the indictment and the Ninth Circuit's model criminal jury instructions; the jury will know that Baldwin and his co-defendants are the defendants in this case; and the Court will repeatedly tell the jury during jury selection and trial that the defendants are presumed innocent, as are all defendants in criminal

---

[17] Dkt. 822 at 5 (citing Fed. R. Evid. 801; Fed. R. Evid. 802).

[18] *Id.* at 6 (citing Fed. R. Evid. 403).

[19] Dkt. 937 at 7. Although the Government asserts "CVs are sometimes admissible" in "unusual circumstance[s]," it does not argue those circumstances are present here. *Id.*

[20] Dkt. 822 at 8.

[21] *Id.*

4

proceedings.[22] The Court will not prohibit the Government from calling Baldwin "defendant" and **DENIES** Baldwin's request accordingly. However, the Court encourages the Government to refer to the defendants by their names.

V. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Motions as follows:

1. Parties shall notify each other the evening before each trial day of all witnesses they intend to call the following day.[23]
2. Absent agreement among all parties as to the scope of examination for a particular witness, counsel will not be permitted to cross-examine witnesses on matters outside the scope of the direct examination and will instead be required to re-call witnesses. In the event the parties have unanimously agreed to permit counsel to cross-examine a witness beyond the scope of the direct examination, counsel may not ask leading questions of non-hostile witnesses.[24]
3. Counsel for each party will have 10 minutes to examine prospective jurors during each session, *i.e.*, 10 minutes for every 25 prospective jurors.[25]
4. Witnesses may not wear masks while testifying.[26]

---

[22] *See* Dkt. 937 at 11–12. The Government also cites a myriad of decisions denying similar requests. *Id.* at 12.

[23] Dkt. 1020 at 3.

[24] *Id.* at 4.

[25] *Id.* at 2.

[26] *Id.* at 3.

5

5. Witnesses' *Curricula Vitae* are excluded from evidence.

6. The Court grants each defendant two additional peremptory challenges to be exercised individually.[27]

7. The Government may refer to Baldwin as "defendant."

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 7th day of March, 2022.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[27] *Id.* at 2.