IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>      v.<br><br>CRAIG KING,<br><br>                     Defendant. | Case No. 3:19-cr-00026-TMB-SAO-5<br><br>ORDER ON DEFENDANT CRAIG KING'S TENTH MOTION *IN LIMINE* (DKT. 896) |

      Before the Court is Defendant Craig King's Tenth Motion *in Limine* (the "Motion").[1] Craig moves under Federal Rule of Evidence 403 to "exclude the portion of [his] interview with law enforcement referencing or discussing a polygraph test."[2] He also asks the Court to preclude law enforcement officers from talking about the polygraph test during their testimony at trial.[3] Craig argues polygraph evidence is "generally disfavored by the judicial system, due to the lack of scientific evidence supporting its credibility and its highly prejudicial nature, which tends to mislead juries and can cause them to make judgments based on this provocative evidence alone."[4] In response, the Government says it will (1) redact the interview before trial and (2) instruct witnesses not to testify about the polygraph test.[5]

---

[1] Dkt. 896 (Motion).

[2] *Id.* at 5.

[3] *Id.*

[4] *Id.*

[5] Dkt. 949 at 2 (Response).

1

The Court **GRANTS** the Motion. The Government shall redact any portions of the interview in which the polygraph test is referenced or discussed. Witnesses shall not testify to discussions regarding polygraph tests.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 8th day of March, 2022.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE