# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CRAIG KING, <br><br> Defendant. | Case No. 3:19-cr-00026-TMB-SAO-5 <br><br> ORDER ON DEFENDANT CRAIG KING'S ELEVENTH MOTION *IN LIMINE* (DKT. 897) |

Before the Court is Defendant Craig King's Eleventh Motion *in Limine* (the "Motion").[1] Craig moves under Federal Rules of Evidence 404(b) and 403 to "exclude any testimony or other evidence alleging that he stole motorcycles or possessed stolen motorcycles."[2] He argues "[a]ny allegation that Craig stole motorcycles or possessed stolen motorcycles is irrelevant to this case and is highly prejudicial."[3] In response, the Government says it "does not intend to elicit this testimony from any law enforcement witnesses" and "will instruct the witnesses as such."[4]

---

[1] Dkt. 897 (Motion).

[2] *Id.* at 3.

[3] *Id.* at 2. Craig asserts,

> Law enforcement officers in this case accused Craig, while searching his residence, of stealing motorcycles or possessing stolen motorcycles. Craig did own two motorcycles that were titled in his name. Those bikes are still titled in Craig's name with the Department of Motor Vehicles. No charges were ever filed against Craig alleging that he stole one or more motorcycles or possessed stolen motorcycles.

The Government does not dispute Craig's characterization of the facts. *See generally* Dkt. 950 (Response).

[4] Dkt. 950 at 2.

1

The Court **GRANTS** the Motion. The Government shall not present evidence that Craig allegedly stole motorcycles or possessed stolen motorcycles and shall so instruct its witnesses.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 9th day of March, 2022.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE