IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>CRAIG KING,<br><br>         Defendant. | Case No. 3:19-cr-00026-TMB-SAO-5<br><br>ORDER ON DEFENDANT CRAIG KING'S FIFTH MOTION *IN LIMINE* (DKT. 890) |

  Before the Court is Defendant Craig King's Fifth Motion *in Limine* (the "Motion").[1] King moves under Federal Rules of Evidence 802 and 403 "to preclude law enforcement witnesses from introducing impermissible hearsay based upon what other witnesses told him or her to explain why the officer 'did something.'"[2] He does not identify specific statements he seeks to exclude. The Government opposes the motion.[3]

  The Court **DENIES** the Motion and defers ruling on objections to testimony about "why [an] officer did something"[4] until trial. An out-of-court statement is not hearsay unless it is offered for the truth of the matter asserted.[5] Because King has not identified specific out-of-court statements he believes are objectionable, the Court cannot evaluate whether they are offered for

---

[1] Dkt. 890 (Motion).

[2] *Id.* at 1.

[3] Dkt. 943 (Opposition).

[4] Dkt. 890 at 2.

[5] Fed. R. Evid. 801; *see, e.g.*, *United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991) ("We find that the statement properly was treated as non-hearsay because it was not introduced for the truth of the matter asserted. . . . Rather, it was introduced to show the effect on the listener[.]").

1

the truth of the matter asserted, whether their probative value is substantially outweighed by the risk of unfair prejudice, or whether they raise Confrontation Clause concerns. If King believes that a specific question will elicit inadmissible testimony, he should object at that time.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 13th day of March, 2022.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE