# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. Filthy Fuhrer, et al.*
Case No. 3:19-cr-00026-TMB-SAO

By:              THE HONORABLE TIMOTHY M. BURGESS

<u>PROCEEDINGS</u>:     ORDER FROM CHAMBERS

This Order follows the Court's oral ruling denying Craig King's renewed motion to sever. King orally renewed his motion to sever in light of opening statements, arguing his defense is antagonistic to that of his codefendants. The Court **DENIES** the renewed motion as King has not established that a joint trial is "so manifestly prejudicial" that severance is warranted.[1]

While the Court agrees with King that his defense is somewhat antagonistic to that of his codefendants, "[a]ntagonism between defenses or the desire of one defendant to exculpate himself by inculpating a codefendant . . . is insufficient to require severance."[2] Rather, "a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the acceptance of the codefendant's theory by the jury precludes acquittal of the defendant."[3]

Having considered King's position and the parties' opening statements, the Court again finds the parties' defenses "are not mutually exclusive or irreconcilable" to the degree that severance is required.[4] If the jury accepts the theories advanced by King's codefendants, it will not be precluded from acquitting King.[5]

---

[1] *United States v. Lopez*, 477 F.3d 1110, 1116 (9th Cir. 2007); *see also Zafiro v. United States*, 506 U.S. 534, 539 (1993) ("[A] district court should grant a severance under [Federal Rule of Criminal Procedure ("Rule")] 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."); *id.* at 540 ("Rules 8(b) and 14 are designed to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.") (internal quotations omitted).

[2] *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996) (holding that mere antagonism and finger pointing between codefendants does not require severance under Rule 14).

[3] *Id.*

[4] *See* Dkt. 389 at 17 (Order).

[5] *See Throckmorton*, 87 F.3d at 1072; *see also Zafiro*, 506 U.S. at 540 ("[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials.").

1

For this reason and those articulated in the Order at Docket 389, the Court **DENIES** King's renewed request to sever his trial.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: March 23, 2022.