# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. Filthy Fuhrer, et al.*
Case No. 3:19-cr-00026-TMB-SAO

By:            THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

This Order addresses Craig King's renewed oral motion to sever ("Motion"), raised yesterday afternoon during trial. King argues severance is warranted under *Bruton v. United States*.[1] For the reasons stated below, the Court **DENIES** King's renewed Motion.

As King asserts, the Government intends to introduce a recorded phone call between Defendants Roy Naughton and Filthy Fuhrer in which they discuss alleged victim Michael Staton "ripping off Red and White," *i.e.*, the Hells Angels. The Government contends that during this phone call, Naughton and Fuhrer are referring to Staton stealing from King.[2] King argues this statement about "Red and White" violates *Bruton* and asks the Court to sever his trial for that reason. King alternatively requests to exclude the statement.

The statement about Staton "ripping off Red and White" falls outside the scope of *Bruton*. In *Bruton*, the United States Supreme Court held that a defendant is deprived of their Sixth Amendment Confrontation Clause right when "powerfully incriminating extrajudicial statements of a codefendant"—such as a codefendant's confession explicitly implicating the defendant—are admitted in a joint trial.[3] *Bruton*'s holding is "narrow"[4] in two respects relevant here. First, it applies only to "testimonial codefendant statements."[5] A statement is "testimonial" when it is provided in a context "functionally identical to live, in-court testimony" or when it is given with "the primary purpose of assisting in [the defendant's] prosecution."[6] Second, *Bruton* does not apply to "a statement, not incriminating on its face, that implicates the defendant only in connection to other admitted evidence."[7] Here, the at-issue statement about Staton "ripping off

---

[1] 391 U.S. 123 (1968).

[2] *See* Dkt. 1062 at 4 (Order).

[3] *Bruton*, 391 U.S. at 135; *Richardson v. Marsh*, 481 U.S. 200, 207 (1987) ("In Bruton, . . . [w]e held that a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant.").

[4] *Richardson*, 481 U.S. at 207.

[5] *Lucero v. Holland*, 902 F.3d 979, 988 (9th Cir. 2018) (holding "that only testimonial codefendant statements are subject to the federal Confrontation Clause limits established in *Bruton*").

[6] *Id.* at 989 (quotations omitted).

[7] *Mason v. Yarborough*, 447 F.3d 693, 695 (9th Cir. 2006) (citing *Richardson*, 481 U.S. at 211).

Red and White," which comes from a recorded jail call between Naughton and Fuhrer, is neither testimonial nor incriminating on its face. Thus, *Bruton* is inapplicable.

For this reason and those articulated in the Orders at Dockets 389 and 1086, the Court **DENIES** King's renewed Motion to sever his trial.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: March 29, 2022.

Case 3:19-cr-00026-TMB-SAO   Document 1101   Filed 03/29/22   Page 2 of 2