## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. Filthy Fuhrer, et al.*
Case No. 3:19-cr-00026-TMB-SAO

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

Yesterday afternoon during trial, counsel for Defendant Glen Baldwin objected to the Government's redirect of a cooperating witness. Specifically, counsel objected to the Government asking the cooperating witness on redirect about the truthfulness requirement in his plea agreement. In opening statements and on cross-examination, defense counsel, including Baldwin's counsel, had attacked the cooperating witness's credibility in part because of his plea agreement. These attacks were consistent with the defendants' theory, advanced in opening statements and throughout trial, that the cooperating witnesses are lying in hopes of getting leniency from the Government.

Although Baldwin's counsel did not state the legal basis for his objection, the Court interpreted the objection as asserting the Government was improperly vouching for its witness. At the Court's direction, the parties submitted briefing on the issue.[1] In requesting briefing, the Court explained the Government has questioned several cooperating witnesses about the truthfulness requirements in their plea agreements during both direct and redirect without drawing objections. The Court asked the parties for their positions on (1) whether this questioning was proper and (2) if it were improper, whether the Court should give a curative instruction to the jury to mitigate any potential harm to the defendants.[2]

Having considered the briefing, the Court finds the Government has not improperly vouched for its cooperating witnesses' credibility by questioning the witnesses during direct and redirect about the truthfulness requirements in their plea agreements.

Beginning with redirect, the Ninth Circuit has "made it clear that references to requirements of truthfulness in plea bargains do not constitute vouching when the references are responses to attacks on the witness' credibility because of his plea bargain."[3] Thus, it was proper for the Government to ask the cooperating witness on redirect about the truthfulness requirement in his plea agreement in response to vigorous attacks on his credibility from the defense on cross-

---

[1] Dkt. 1133 (Order); Dkt. 1135 (Baldwin's Memorandum); Dkt. 1136 (Government's Memorandum); Dkt. 1137 (King's Notice of Joinder).
[2] *See* Dkt. 1133.
[3] *United States v. Shaw*, 829 F.2d 714, 716 (9th Cir. 1987).

1

examination that were, in part, based on his plea agreement. Baldwin's objection fails for this reason.

As to direct examination, while "[e]liciting testimony on direct examination that a witness entered into a plea agreement that requires truthful testimony *may* constitute vouching . . . referring to a plea agreement's mandate to be truthful does not constitute vouching for a witness if such references are 'made in response to an attack on the witness's credibility because of his plea bargain,' *including an attack in defense counsel's opening statement*."[4] Noting that the defendants have not objected to the Government questioning witnesses on direct examination about the truthfulness requirements in their plea agreements, the Court finds this questioning was proper, first because the defendants had attacked the credibility of these cooperating witnesses in opening statements[5] and second because the Government did not refer to any extra-record evidence that it could verify or ensure the witnesses are telling the truth.[6] Consequently, the Court **DENIES** Glen Baldwin's request to exclude or redact certain cooperating witnesses' plea agreements admitted as Government Exhibits 19, 22, and 26.[7]

Going forward, the Court will continue to permit the Government to question witnesses on direct and redirect about the truthfulness requirements in their plea agreements so long as defense counsel has attacked the credibility of the witness, either in opening statements or on cross-examination, at least in part because of the witness's plea agreement. The Government should be prepared to point to the record in the event there is a dispute about whether the credibility of the witness has been attacked.

Finally, although the Court finds the Government has not improperly vouched for its witnesses, the Court nevertheless intends to instruct the jury as follows to mitigate any possible suggestion of vouching:

> You have heard references to witnesses that have agreements with the Government that require the witness to tell the truth. It is important for you to understand that

---

[4] *United States v. Dorsey*, 677 F.3d 944, 953 (9th Cir. 2012) (quoting *United States v. Monroe*, 943 F.2d 1007, 1013–14 (9th Cir.1991)) (emphasis added).
[5] *Monroe*, 943 F.2d at 1014 ("Here, the reference to the agreement came only after Bender's credibility clearly had been attacked by Monroe in his opening statement. Under those circumstances, it was Monroe who created the risk that the government's reference to the truthful testimony requirement 'will be interpreted as an attempt to establish truthfulness and suggest verifiability.'") (quoting *Shaw*, 829 F.2d at 717).
[6] *United States v. Brooklier*, 685 F.2d 1208, 1218 (9th Cir. 1982) (explaining that in *United States v. Roberts*, 618 F.2d 530 (9th Cir. 1980), "the United States Attorney argued to the jury that a government witness testified truthfully because he was afraid of violating his plea agreement, and that the government, to ensure he would testify truthfully, placed a detective in court when the witness testified. We reversed the conviction primarily because the statement that the detective was monitoring the witness improperly referred to facts outside the record.").
[7] Dkt. 1135 at 1, 4.

> the Government cannot vouch for the truth of the testimony of any witness and that you as jurors are the sole and exclusive judges of the credibility of all witnesses.[8]

The defendants may propose any alternative or additional language they would like the Court to consider.[9] The Court will give this instruction along with Ninth Circuit Model Instructions 3.9 (directing the jurors to "examine the testimony of [cooperating witnesses] with greater caution than that of other witnesses) and 6.9 (informing jurors that they "may believe everything a witness says, or part of it, or none of it" and identifying factors to consider in making that determination) before the Government calls its next witness.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: April 12, 2022.

---

[8] This instruction is taken in part from *Brooklier*, 685 F.2d at 1219 ("The court also told the jury that the government could not vouch for the truth of the testimony and that the jurors were the sole and exclusive judges of the credibility of all witnesses. These instructions adequately dispelled any suggestion of vouching.").

[9] While Glen Baldwin asked that the Court "give a curative instruction to the jury regarding the vouching testimony elicited by the government," he did not propose an instruction. Dkt. 1135 at 4.