IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>              v.<br><br>FILTHY FUHRER, GLEN BALDWIN, and CRAIG KING<br><br>                                  Defendants. | Case No. 3:19-cr-00026-TMB-SAO<br><br>ORDER ON DEFENDANTS FUHRER AND KING'S MOTIONS FOR JUDGMENT OF ACQUITTAL<br>(DKTS. 1197, 1199) |

## I.    INTRODUCTION

The matter comes before the Court on Defendants Filthy Fuhrer and Craig King's Post-Verdict Motions for Judgment of Acquittal ("Fuhrer's Motion" and "King's Motion," respectively, or the "Motions," collectively).[1] Defendant Glen Baldwin joins Fuhrer's Motion.[2] The Government opposes the Motions.[3] The Court **DENIES** the Motions for the reasons stated below.

## II.    BACKGROUND

Fuhrer was convicted by jury on May 2, 2022, of Racketeering Conspiracy (Count 1); Violent Crimes in Aid of Racketeering ("VICAR") Conspiracy (Count 2); Kidnapping Conspiracy (Counts 3, 7, and 10); Kidnapping Resulting in Death (Count 4); VICAR Murder (Count 5);

---

[1] Dkt. 1197 (Fuhrer's Motion); Dkt. 1199 (King's Motion).

[2] Dkt. 1201 (Baldwin's Joinder).

[3] Dkt. 1203 (Opposition).

1

Kidnapping (Counts 8 and 11); and VICAR Assault (Counts 9, 10, and 12).[4] Baldwin and King were convicted of Counts 1 through 5, the sole counts for which they were charged.[5]

On April 19, 2022, after the close of the Government's case, Fuhrer moved orally for judgment of acquittal under Federal Rule of Criminal Procedure ("Rule") 29 on Counts 4, 5, 8, 9, 11, and 12. King moved orally for judgment of acquittal on Counts 1 through 5. The Court denied each motion, concluding that for each defendant, a rational jury could find the essential elements of each count beyond a reasonable doubt.[6]

Fuhrer and King now ask the Court to set aside the guilty verdicts and enter judgment of acquittal on all counts for which they were charged. Fuhrer asserts, "Because counsel does not wish to waive any potential grounds for appellate purposes, this motion is based on a general failure of the government to produce sufficient evidence in order to convict Mr. Fuhrer of any of the charges of which he was found guilty."[7] Without discussing specifics, Fuhrer argues generally that "the evidence that was presented by the government failed to support a guilty verdict as to any of the charges beyond a reasonable doubt. The guilty verdicts could only be based upon speculation as opposed to a reasonable inference supported by a chain of logic."[8] Baldwin joins Fuhrer's Motion without providing additional facts or argument.[9]

---

[4] Dkt 1195 (Jury Verdicts).

[5] *Id.*

[6] Dkt. 1185 (Minute Entry).

[7] Dkt. 1197 at 2.

[8] *Id.* at 3.

[9] Dkt. 1201.

2

King raises the same generalized arguments, stating, "Because Mr. King must avoid waiving any grounds for appeal, this motion is urged because the Government failed to produce sufficient evidence at trial for the jury to convict Mr. King of any of the five charges alleged in Counts 1-5 of the superseding indictment."[10] He adds, "In Mr. King's case, the Government's evidence was not enough to support a guilty verdict on any of the charges in Counts 1-5. The jury could only have speculated as to Mr. King's role, if any, in the offenses as charged in the superseding indictment."[11]

The Government responds to the Motions with a detailed account of the evidence it presented at trial,[12] from which it argues "a rational trier of fact could have found that the prosecution proved the elements of every offense beyond a reasonable doubt."[13]

### III. LEGAL STANDARD

Rule 29 provides that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."[14] A court will deny a Rule 29 motion for judgment of acquittal if "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable

---

[10] Dkt. 1199 at 2.

[11] *Id.* at 3.

[12] *See generally* Dkt. 1203.

[13] *Id.* at 2.

[14] Fed. R. Crim. P. 29.

3

doubt."[15] "When viewing the evidence in the light most favorable to the government, [a court] 'may not usurp the role of the finder of fact by considering how [it] would have resolved the conflicts, made the inferences, or considered the evidence at trial.'"[16]

## IV. DISCUSSION

Viewing the evidence in the light most favorable to the Government, the Court concludes a rational trier of fact could have found the essential elements of each crime beyond a reasonable doubt.

King and Fuhrer, joined by Baldwin, argue in general terms that the Government failed to produce sufficient evidence at trial to support a conviction on any of the counts charged.[17] Neither defendant cites facts in the record supporting his argument.[18] The Government responds with a review of the essential elements of each count charged and a detailed account of the evidence from which it argues a rational jury could convict each defendant of each count.[19] Having carefully reviewed the briefing, the Court adopts the Government's review of the evidence supporting each element of each count and will not repeat the details here.

Applying Rule 29, the Court concludes the Government produced sufficient evidence to support each element of each count. For example, as to Counts 1 through 5, the Government

---

[15] *United States v. Charley*, 1 F.4th 637, 643 (9th Cir. 2021). The essential elements of each crime charged in this case are provided in the Government's Opposition, *see* Dkt. 1203 at 2–29, and in the Final Jury Instructions, *see* Dkt. 1194 (Final Jury Instructions).

[16] *United States v. H.B.*, 695 F.3d 931, 935 (9th Cir. 2012) (quoting *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc)).

[17] *See generally* Dkt. 1197; Dkt. 1199; Dkt. 1201.

[18] *See generally* Dkt. 1197; Dkt. 1199.

[19] *See generally* Dkt. 1203.

4

presented evidence that Fuhrer was the leader of the 1488 enterprise; that Baldwin was a member of the 1488s; and that King was an associate of the 1488s who had a mutually beneficial relationship with them. It also produced evidence of each defendants' involvement in the organization's racketeering activities, including the kidnapping and murder of Michael Staton, and evidence that each defendant acted in part to advance his own standing as a member or associate of the 1488s. This evidence includes testimony from 1488 members who were present for Staton's kidnapping and murder; recorded jail calls between Fuhrer, Baldwin, and others about Staton's kidnapping and murder; testimony from Baldwin's ex-girlfriend and cellmate who each reported Baldwin confessed to murdering Staton; text messages between King and 1488 member Dustin Clowers leading up to Staton's kidnapping; and evidence of the 1488s' enterprise, including the organization's bylaws and testimony about its drug trafficking activities. Likewise, as to Counts 7 through 12, the Government presented ample evidence of Fuhrer's involvement in the kidnappings and assaults of Jeremy Smith and Jermiah Johnson, including recorded jail calls between Fuhrer and Defendant Roy Naughton discussing Smith and Johnson; testimony from 1488 members about the incidents, including Fuhrer's role in ordering Smith and Johnson's "depatchings"; and the 1488s' bylaws and testimony about those bylaws indicating that a depatching necessarily involves an assault.

Construing all the evidence in the light most favorable to the Government, the Court finds a rational jury could—and did—find Fuhrer, Baldwin, and King guilty of each count for which they were convicted. The Court **DENIES** the Motions accordingly.

5

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motions.

IT IS SO ORDERED.

       Dated at Anchorage, Alaska, this 19th day of August, 2022.

          /s/ *Timothy M. Burgess*
          TIMOTHY M. BURGESS
          UNITED STATES DISTRICT JUDGE