# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Filthy Fuhrer, et al.*
3:19-cr-00026-TMB

By:          THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

This matter comes before the Court regarding Defendant Roy Naughton's Application for Disclosure of Nonpublic Docket to Defense Counsel (the "Motion").[1] Defendants Filthy Fuhrer, Glen Baldwin, Colter O'Dell, and Craig King join the Motion.[2] The Motion seeks to disclose the non-public docket to these defendants' appellate counsel for the purposes of determining whether any of the sealed or ex parte matters are relevant to issues on appeal. The Government does not oppose the Motion and agrees that these entries should remain under seal on the public docket and counsel should maintain the non-public docket on an "Attorneys' Eyes-Only basis."[3]

The guarantees of due process entitle defendants to effective assistance of counsel on their first appeal as of right,[4] which includes the obligation for appellate counsel to support their client's appeal to the best of their ability.[5] To satisfy this obligation, appellate counsel must review the entire record below.[6] "Absent compelling justification, ex parte proceedings are anathema in our system of justice and, in the context of a criminal trial, may deny a defendant due process."[7]

Here, appellate counsel seek the identification of district court filings currently filed under seal or ex parte to which appellate counsel do not have access and which may directly relate to the charges against the defendants. Defendants assert these filings appear to have "formed the basis of some of this Court's rulings, and are therefore relevant to potential appellate issues."[8]

After consideration of the matter, the Court directs the Government to review the non-public docket, and for each defendant, prepare an individualized list of all ex parte and sealed docket

---

[1] Dkt. 1407 (Application for Disclosure of Nonpublic Docket to Defense Counsel).
[2] *Id*. at 2.
[3] Dkt. 1414 at 2 (United States Non-Opposition).
[4] *United States v. Baker*, 256 F.3d 855, 859 (9th Cir. 2001); *Pollard v. White,* 119 F.3d 1430, 1435 (9th Cir. 1997).
[5] *Anders v. California*, 386 U.S. 738, 744 (1967).
[6] *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("Counsel . . . can deprive a defendant of the right to effective assistance, simply by failing to render 'adequate legal assistance.'" (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980))); *Nguyen v. Curry*, 736 F.3d 1287, 1294 (9th Cir. 2013) ("There is nothing in our jurisprudence to suggest that the Sixth Amendment right to effective counsel is weaker or less important for appellate counsel than for trial counsel."), *abrogated on other grounds by Davila v. Davis*, 582 U.S. 521 (2017).
[7] *United States v. Thompson,* 827 F.2d 1254, 1258 (9th Cir. 1987).
[8] Dkt. 1407 at 5.

entries which may be released to that specific defendant's appellate counsel; the Government should compile separate lists for each defendant. If the Government believes modification of existing protective orders or an additional protective order is necessary in order to control dissemination of the information, it should confer with appellate counsel and draft a proposed order for review and approval prior to distributing the list of ex parte and sealed docket entries to each defendant's appellate counsel.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: October 5, 2023.